FILED
United States Court of Appeals
Tenth Circuit

April 11, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff‑Appellee,

v.

JONATHAN EDWARD VERGNETTI,
a/k/a "Berry Decker," a/k/a "Stephen
Graham," a/k/a "David Washington,"

        Defendant‑Appellant.

No. 11-5013
(D.C. No. 4:10-CR-00100-JHP-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

This matter is before the court on the government's motion to enforce the

appeal waiver contained in defendant Jonathan Edward Vergnetti's plea

agreement. The defendant pleaded guilty to conspiracy in violation of

18 U.S.C. § 371 and aggravated identity theft in violation of

---

[*]     This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

18 U.S.C. §§ 1028A(a)(1) and 1028A(c)(4). Pursuant to the plea agreement, the defendant waived his right to appeal his conviction or his sentence, reserving only the right to appeal from a sentence which exceeded the statutory maximum authorized by law. *See* Mot. to Enforce, Attach. 1, at 3. The defendant's sentence was below the statutory maximum. Nevertheless, the defendant filed a notice of appeal.

The government filed a motion to enforce the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In response, the defendant concedes through counsel that there are no non-frivolous arguments that can be presented in response to the motion to enforce. We have reviewed the motion, the record and the defendant's response, and we agree that the defendant's proposed appeal falls within the scope of the appeal waiver, that he knowingly and voluntarily waived his appellate rights, and that enforcing the waiver would not result in a miscarriage of justice. *See id*. at 1325 (describing the factors this court considers when determining whether to enforce a waiver of appellate rights).

Accordingly, we GRANT the motion to enforce the appeal waiver and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM

-2-